```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


HAYWOOD BLEDSOE                      )
                                     )
     Petitioner,                     )
                                     )    CIVIL ACTION NO.
v.                                   )    09-11305-DPW
                                     )
DUANE MACEACHERN                     )
                                     )
     Respondents.                    )
```

MEMORANDUM AND ORDER
July 13, 2010

I have reserved ruling on the Respondent's Motion to Dismiss this petition for a writ of habeas corpus as time barred pending the Supreme Court's decision in *Holland v. Florida*, 2010 WL 2346549 (U.S. June 14, 2010). In *Holland,* the Supreme Court has now definitively determined that the one year statute of limitations for petitions for federal habeas corpus relief by state prisoners is subject to equitable tolling and that such tolling is available only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and that (2) some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at *12 (citation and emphasis omitted). Applying the *Holland* test in this case, I find neither diligent pursuit of rights nor extraordinary circumstances causing the belated filing and accordingly will allow respondent's motion to dismiss.

-1-

The petitioner's June 2001 convictions for rape did not become final for purposes of the habeas corpus limitations period, 28 U.S.C. 2244(d) until May 31, 2005.  Despite this extensive passage of time, it was not until over nine months later, on March 8, 2006, that petitioner filed a motion for a new trial in state court.  None of the claims in the new trial motion, as reflected in the habeas petition now before me, concerned matters about which the petitioner needed nearly five years of reflection to raise.  Nevertheless, the filing of the new trial motion suspended the running of the habeas limitations period, which was not restarted until the final decision of the Supreme Judicial Court denying the motion on April 29, 2009.  The close of the limitations period was reset, as a consequence, to July 22, 2009.  The petitioner did not file his habeas corpus petition in this court until August 3, 2009, eleven days late.

The petitioner contends that because he was transferred, on medical grounds, from one correctional institution to another on May 21, 2009, and lost access to his legal papers for approximately three weeks (i.e. approximately until June 11, 2009) he should be excused for missing the habeas corpus deadline some six weeks later.

A diligent pursuit of the claims the petitioner now presses in his petition would not require an eight year period to crystallize the contentions advanced in this matter.  To be sure, the obligation to exhaust remedies in the state court delayed the

filing of the federal petition.  But there is no particular reason that, once state court exhaustion was completed, the federal petition could not have been filed promptly without any undue difficulty.  The reported interruption of the petitioner's work on his petition as a result of his medical transfer was neither extraordinary nor did it as a practical matter stand in the way of timely filing.  Whatever may be the effect of loss of access to papers on the eve of a filing, the petitioner here had six weeks within which to complete work in framing contentions that could, in any event, have been refined over an eight year period following his conviction.  Finding neither the necessary diligence nor extraordinary circumstances of impediment to the belated filing of this petition for habeas corpus relief, I GRANT the respondent's motion to dismiss the petition as time-barred.

　　　　　　　　　　　　　　　　　　　　/s/ Douglas P. Woodlock
　　　　　　　　　　　　　　　　　　　　DOUGLAS P. WOODLOCK
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE